# Wytheville.

## HAGY AND PHELPS v. COMMONWEALTH.

### June 19, 1924.

#### Absent, Campbell, J.

1. APPEAL AND ERROR—*Conflict in Evidence—Question for Jury.*—It is the province of the jury to settle conflicts in the testimony.

2. INTOXICATING LIQUORS—*Sufficiency of Evidence to Support Verdict—Case at Bar.*—In the instant case, a prosecution for violating the prohibition act, the indictment contained only the omnibus count. The sheriff who made the arrest testified that he and another officer went out after the accused and saw them approaching in an automobile. One of the defendants jumped from the car having something in his hand like an old sack; then one of the other men in the car threw something out of the car. The sheriff and the officer accompanying him stopped the car but did not find any ardent spirits in it. When they came to where they saw the man jump from the car, they found one of accused sitting down just over the fence, but found no ardent spirits on him. But just across the fence they found two gallons and a half of ardent spirits, close to where the man jumped from the car, and the neck of a bottle having a paper stopper was picked up. The paper stopper had the name of one of accused upon it. The bottle from which the neck was broken was picked up and liquor was found in it. The general reputation of one of the accused as a bootlegger was bad.

   *Held:* That the evidence was sufficient to support a verdict of guilty.

Error to a judgment of the Circuit Court of Washington county.

*Affirmed.*

The opinion states the case.

*Hutton & Hutton,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiffs in error and Oral Gregory were jointly indicted for violating the prohibition law. The indictment contained only the omnibus count. The plaintiffs in error were convicted and Gregory was acquitted. The only error assigned is that the verdict was without evidence to support it.

The plaintiffs in error stand in this court practically as on a demurrer to the evidence. The sheriff of Washington county, who made the arrest, testified as follows:

"Mr. Kilgore, deputy sheriff of Wise county, Va., who is at this time sick, and myself went to Denton's Valley after Fielden Hagy, Paul Phelps and Oral Gregory, and when we got to Denton's Valley, up on a hill above Montgomery's store, we passed two men and looked down the road and saw the automobile coming with Fielden Hagy, Paul Phelps and Oral Gregory in it, and we stopped. When they got in about forty or fifty yards of us, we saw Paul Phelps jump out of the car, the car still running, and he had something in his hand like an old sack or bundle, then we saw one of the other men throw something out of the car, and Fielding Hagy and O. Gregory drove up where we were and we stopped them and searched the car, but we did not find any ardent spirits in the car. Hagy and Gregory drove on toward Montgomery's store, or in that direction. We came on down where we saw the man jump out and where one of the men threw something out of the car, and we found Paul Phelps just over the fence sitting down like he was relieving nature. Mr. Kilgore threw

his gun on him and searched him, but did not find any ardent spirits on him. Paul Phelps then left and we began to search and just across the fence on the bank of the road we found two gallons and a half of ardent spirits, close where Paul Phelps jumped out of the car; this was within about five or six feet of where Paul Phelps was sitting down and where we saw him jump out of the car. About this time Mike Widener came up the road and I was standing there and he picked up the neck of a bottle that had a paper stopper in it and the paper had F. D. Hagy's name on it, also a letter with his name on it from the Peoples National Bank. We also picked up a half of a bottle, being the bottle from the neck that was found, with liquor in it.   *   *   *

"This happened in Washington county, State of Virginia, and within the last year.

"Fielden Hagy's general reputation as a bootlegger is bad."

Mike Widener, a witness for the Commonwealth, testified as follows:

"I came up to where Mr. Litton and another man were in the road and found the stopper in the neck of the bottle and also found a part of a bottle with liquor in it, and I handed it to Mr. Litton. This was in the middle of the road where I found these things. This bottle had just been broken from the looks of it. No one was there at the time except Mr. Litton and a man I did not know, but I learned afterwards it was a deputy sheriff of Wise county."

All three of the accused testified and denied ownership or possession of the whiskey, or that it was ever in the car, or that they had any knowledge of it whatever. Hagy sought to explain the name on the stopper in the bottle and on an envelope found in the road, bearing

his address, by saying that he had lost the papers the day before in that neighborhood.

[1, 2] It is the province of the jury to settle conflicts in the testimony, and the verdict in this case cannot be said to be without evidence to support it, nor plainly contrary to the evidence.

Whether or not Gregory was properly acquitted is not open to inquiry in this case.

The judgment of the trial court will be affirmed.

*Affirmed.*